UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **REINE ANTONNETTI MICKIENE OUBALIH,** *Plaintiff* § § § § | |
| v. § | No. 1:25-CV-01043-DAE-DH |
| **AMAZON FULFILLMENT CENTER,** *Defendant* § § § § | |

### ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Reine Antonnetti Mickiene Oubalih's application to proceed *in forma pauperis*. Dkt. 2. Because Oubalih is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

### I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Oubalih's financial affidavit and determined she is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Oubalih's request for *in forma pauperis* status, Dkt. 2. The

1

Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Oubalih is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Oubalih's Title VII claims be dismissed under 28 U.S.C. § 1915(e), but that her ADA claims be allowed to proceed.

## II.   REVIEW OF THE MERITS OF THE CLAIM

Because Oubalih has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review her complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Oubalih brings employment-discrimination claims against Defendant Amazon Fulfillment Center ("Amazon") under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). Dkt. 1, at 1. Oubalih alleged in her complaint that she believes she was discriminated against based on her race, color, and disability, and for having lodged a complaint opposing discrimination. *Id.* at 3. Oubalih attached to her complaint over 60 pages of evidence in support of these claims, which include screen shots of emails between Oubalih and Amazon, as well as Oubalih's commentary on the communications. *See* Dkt. 1-4.[1] As explained below, the undersigned finds that Oubalih has failed to state any non-frivolous claims for relief under Title VII but that her claims brought under the ADA should be allowed to proceed.

Title VII makes it unlawful for an employer to discriminate against an individual based on race or color. 42 U.S.C. § 2000e-2. Claims under Title VII are analyzed through the framework set out by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). Under that framework, a plaintiff must first

---

[1] Oubalih also attached the charge of the discrimination she filed with the Equal Employment Opportunity Commission ("EEOC"), as well as the right-to-sue letter issued to her by the EEOC. Dkts. 1-2;-1-3. Oubalih filed suit within the 90-day deadline to do so under Title VII. Dkts. 1; 1-2; 42 U.S.C. § 2000e-5(f)(1).

3

establish a prima facie case of discrimination before the case may proceed. *Id.* To establish a prima facie claim of racial discrimination under Title VII, Oubalih must plead that she was "(1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated." *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005). To state a claim for retaliation in violation of Title VII, Oubalih must establish that (1) she engaged in activity protected by Title VII; (2) the defendant took adverse action against her; and (3) a causal connection exists between the protected activity and the adverse action. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021). A plaintiff need not submit evidence to establish a prima facie case at the pleading stage; to survive a motion to dismiss, a plaintiff need only "plausibly allege facts going to the ultimate elements of the claim." *Id.*

Here, Oubalih's allegations are insufficient to state a prima facie claim of discrimination under Title VII since she does not include any non-conclusory allegations that she was treated differently from other similarly-situated employees because of her race, color, or national origin. *See* Dkts. 1; 1-3, at 1 (stating that a "new coworker Juliet (Hispanic) and other employees not of my race began giving me a hard time at work"); 1-4, at 45, (alleging that she was "harassed by people's curiosity about my origin"); 57 (alleging that "many people have been fired or get better treatment because of what the cameras footage revealed"); *Phillips v. United Parcel Serv.*, No. 3:10-CV-1197-G-BH, 2011 WL 2680725, at *5 (N.D. Tex. June 21, 2011), ("Without sufficient factual allegations that the complained of actions were taken

4

because of her race, Plaintiff has failed to state a claim of racial discrimination under Title VII[.]"), *R. & R. adopted*, 2011 WL 2678949 (N.D. Tex. July 8, 2011), *aff'd*, 485 F. App'x 676 (5th Cir. 2012).

Oubalih's Title VII retaliation claim also fails because she has not sufficiently pleaded that she engaged in a protected activity or that a causal connection exists between an adverse employment action and Oubalih's protected activity. A plaintiff engages in a "protected activity" when she has either: (1) "'opposed any practice made an unlawful employment practice by [Title VII]'"; or (2) "'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000) (quoting 42 U.S.C. § 2000e-3(a)) (emphasis omitted). Oubalih alleges that she complained to her supervisors about harassment from coworkers, yet "internal complaints of discrimination or harassment in general are insufficient; an employee must protest a specific form of discrimination prohibited by Title VII." *LaChapel v. Brio Solar Energy, LLC*, No. 3:23-CV-0571-B, 2024 WL 5089561, at *4 (N.D. Tex. Dec. 12, 2024) (citing *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015)). Even assuming Oubalih engaged in a protected activity, she has failed to sufficiently allege a causal connection[2] between any protected activity and an adverse employment

---

[2] While "temporal proximity alone, when very close, can in some instances establish a prima facie case of retaliation," here Oubalih alleged that she complained about harassment from coworkers in February 2024 and did not experience the adverse employment action until September 2024 when she was forced to go on long-term disability rather than being granted an accommodation for her disability. Dkt. 1-4, at 35-36, 48; *Ganheart v. Brown*, 740 F. App'x 386, 389, 391 (5th Cir. 2018) ("[A] five-month interval between a protected activity and an adverse employment consequence is too long to sustain a prima facie claim of causation based solely on temporal proximity.").

action. Dkt. 1-4, at 17 (alleging that she is "deeply under retaliation and in an unfair situation"); *Nunez-Renck v. Int'l Bus. Machs. Corp. (IBM)*, No. 3:23-CV-1308-D, 2023 WL 5986463, at *5 (N.D. Tex. Sept. 14, 2023) ("Although [plaintiff] asserts that a 'causal connection exists,' … this is a conclusory statement that is inadequate to plead a plausible claim.").

Oubalih has, however, stated non-frivolous claims for discrimination and failure-to-accommodate under the ADA. The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to ... [the] discharge of employees." *Id.* § 12112(a). Such discrimination may also include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Id.* § 12112 (b)(5)(A). To establish a prima facie case of employment discrimination under the ADA, a plaintiff must prove that she has a disability, that she is qualified for the job, and that she suffered an adverse employment decision because of her disability. *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092-93 (5th Cir. 1996); *see also Pinkerton v. Spellings*, 529 F.3d 513, 517-19 (5th Cir. 2008) (clarifying the ADA's causation standard). To prevail on a failure-to-accommodate claim, a plaintiff must show that the plaintiff is a "qualified individual with a disability," the disability and its consequential limitations were known by the plaintiff's employer, and the employer failed to make reasonable accommodations for such known limitations. *Feist v. La. Dep't of Justice*, 730 F.3d 450, 452 (5th Cir. 2013).

Oubalih has sufficiently stated her ADA claims. First, Oubalih explains that she was disabled because of mental health issues and chronic migraines and alleges that she documented her disability with Amazon. Dkts. 1, at 3 (listing "chronic and severe migraines [and] right hemiparesis"); 1-4, at 25, 35, 37 (alleging that Oubalih suffers from "mental health and chronic migraines"); *Burns v. Nielsen*, 506 F. Supp. 3d 448, 470 (W.D. Tex. 2020) (finding "sufficient basis for a reasonable jury to find that Burns['s] migraines substantially affected one or more [] major life activities, and therefore, was a disability" under the ADA). Second, Oubalih has sufficiently pleaded that she was qualified for her job since she alleges that she performed her job well and was promoted during her tenure at Amazon; she also included a copy of her employment history with Amazon as well as the job responsibilities associated with her position in the evidence attached to her complaint. Dkts. 1-3, at 1; 1-4, at 37, (alleging that "I did my part by working hard"), 45 (alleging that "[p]erfect attendance, tremendous production, and excellent quality were my record"), 64, 66.

Next, the undersigned finds that Oubalih has sufficiently alleged that she was pushed out of her job because of her disability and/or Amazon's refusal to honor her request for a reasonable accommodation—including a request to transfer to a different open position for a job Oubalih had previously performed.[3] Dkts. 1-3

---

[3] While employers are not required to "reassign a disabled employee to an occupied position or create a new position to accommodate that employee," here Oubalih alleges that she sought out open positions for which she was qualified that would accommodate her disability. Dkt. 1-4, at 35, 44; *Magnant v. Panelmatic Tex., Inc.*, No. CIV.A. H-05-0135, 2006 WL 2434475, at *13 (S.D. Tex. Aug. 22, 2006) (citing *Daugherty v. City of El Paso*, 56 F.3d 695, 700 (5th Cir. 1995)); *Vitale v. Ga. Gulf Corp.*, 82 F. App'x 873, 875 (5th Cir. 2003) ("A 'reasonable accommodation' includes … 'reassignment to a vacant position[.]'" (quoting 42 U.S.C. § 12111(9))).

(alleging that Oubalih "went on medical leave then returned in June with accommodations, but they were not respected"); 1-4, at 2, 4, 9, 20-21, 25, 31-33 (email exchange showing Amazon offer Oubalih unpaid leave in lieu of an accommodation); 1-4, at 35 (alleging that Amazon responded to Oubalih's accommodation request by telling her that she could only remain in her current role without her requested accommodation or go on long-term disability). Oubalih has thus stated non-frivolous claims for discrimination and failure-to-accommodate under the ADA.

### III.   MOTION TO APPOINT COUNSEL

Oubalih also filed a motion for appointment of counsel, Dkt. 3. Apart from outlining the efforts she has made to obtain counsel, Oubalih has not shown that "exceptional circumstances" merit the appointment of counsel at this time. *See* Dkt. 3; *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) ("[A] 'trial court is not required to appoint counsel ... unless the case presents exceptional circumstances.'" (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). Moreover, having considered the factors relevant to Oubalih's request, the Court finds that they do not weigh in favor of appointment of counsel at this time. *Ulmer*, 691 F.2d at 213 (outlining the factors relevant to determining whether exceptional circumstances warrant the appointment of counsel). Oubalih's motion for appointment of counsel will be denied without prejudice.

### IV.   ORDERS AND RECOMMENDATION

The undersigned hereby **GRANTS** Oubalih's application to proceed *in forma pauperis*. Dkt. 2. Because the undersigned finds that Oubalih's ADA claims should

not be dismissed as frivolous at this time, the Court **ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Oubalih's complaint upon the named defendant under Rules 4 and 5 of the Federal Rules of Civil Procedure. The undersigned **RECOMMENDS** the District Judge **DISMISS** Oubalih's causes of action arising under Title VII without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Finally, the undersigned **DENIES** Oubalih's motion to appoint counsel, Dkt. 3, without prejudice.

The referral of this case to the Magistrate Judge should now be canceled.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED November 13, 2025.

---
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE