IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REINE ANTONNETTI MICKIENE OUBALIH, | § § § § § § § § § § § § § | No. 1:25-CV-1043-DAE |
| Plaintiff, | | |
| vs. | | |
| AMAZON FULFILLMENT CENTER, | | |
| Defendant. | | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DISMISSING PLAINTIFF'S TITLE VII CLAIMS WITHOUT PREJUDICE

Before the Court is a Report and Recommendation (the "Report") (Dkt. # 5) submitted by United States Magistrate Judge Dustin Howell. Plaintiff Reine Antonnetti Mickiene Oubalih ("Plaintiff" or "Oubalih") filed her Objections on December 1, 2025. (Dkt. # 9.) The Court finds these matters suitable for disposition without a hearing. After reviewing the Report and Objections, the Court **ADOPTS** Judge Howell's recommendations and **DISMISSES WITHOUT PREJUDICE** Plaintiff's causes of action arising under Title VII.

BACKGROUND

Oubalih brings employment-discrimination claims against Defendant Amazon Fulfillment Center ("Amazon" or "Defendant") under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). (Dkt.

1

#1 at 1.)  Oubalih alleged in her complaint that she believes she was discriminated against based on her race, color, and disability, and for having lodged a complaint opposing discrimination.  (Id. at 3.)  Oubalih attached to her complaint over 60 pages of evidence in support of these claims, which include screen shots of emails between Oubalih and Amazon, as well as Oubalih's commentary on the communications.  (See Dkt. # 1-4.)

On November 13, 2025, Judge Howell issued his Report, recommending dismissal without prejudice of Plaintiff's Title VII claim but that her claims brought under the ADA should be allowed to proceed.  (Dkt. # 5.)  Plaintiff filed her Objections to the Report on December 1, 2025.  (Dkt. # 9.)

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). Furthermore, conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's objections are based upon. See Palomo v. Collier, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

## ANALYSIS

In his Report, Judge Howell determined that Plaintiff failed to state a prima facie claim of discrimination under Title VII because "she does not include any non-conclusory allegations that she was treated differently from other similarly-situated employees because of her race, color, or national origin." (Dkt. # 5 at 4.) Further, her Title VII retaliation claim also fails "because she has not sufficiently pleaded that she engaged in a protected activity or that a causal connection exists between an adverse employment action and Oubalih's protected

activity." (Id. at 5.) However, Judge Howell determined that her discrimination and failure-to-accommodate claims under the ADA should survive. (Id. at 6.)

Plaintiff's objections do not identify any specific error in Judge Lane's analysis. (See Dkt. # 9.) Rather, she makes the conclusory statement that she has pleaded a prima facie claim of Title VII racial discrimination and includes another forty-five pages of evidence in support, much of which is repetitive of the evidence or pleadings already provided in her complaint. (Id.; see also Dkt. # 4-1.) Objections to the Report are not the proper vehicle for allowing parties to raise at the district court new evidence that was not presented to the magistrate judge. Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

However, even consideration of such evidence does not save Plaintiff's case. The Court agrees with Judge Howell that Plaintiff has not pleaded a prima facie claim of discrimination under Title VII. Neither her Complaint nor Objections include any non-conclusory allegations or evidence that she was treated differently because of her race, color, or national origin. Although Plaintiff provides the additional detail that she was not a U.S. citizen at the time of the events, nothing in the pleadings gives rise to the inference that she was treated differently *because* of her national origin. (See Dkt. # 9 at 2.)

As for her Title VII retaliation claim, the Court agrees that Plaintiff fails to allege that she engaged in any protected activity that is causally connected

4

to an adverse employment action. In her Objections, Plaintiff now appears to be arguing that she was fired because she filed a charge of discrimination with the EEOC. (Dkt. # 9 at 22.) However, the attached email from Amazon "confirms that the date of *voluntary termination* of [her] employment" with Amazon is October 22, 2025, indicating that she was not fired. (Id. at 25.) Voluntary resignation is not an adverse employment action in the absence of a constructive discharge claim, which Plaintiff has not alleged.[1] See Tagliabue v. Orkin, LLC, 794 F. App'x 389, 393–94 (5th Cir. 2019). Additionally, she filed her EEOC charge in October of 2024 and alleges that her employment was terminated in October of 2025, an entire year later. (Id. at 22–23.) Thus, even assuming Plaintiff's termination was an adverse employment action, a one-year interval between a protected activity and an adverse employment consequence is too long to sustain a prima facie claim of causation. See Ganheart v. Brown, 740 F. App'x 386, 389, 391 (5th Cir. 2018) ("[A] five-month interval between a protected activity and an adverse employment consequence is too long to sustain a prima

---

[1] The Court also notes that it is unclear based on the pleadings whether Plaintiff remains employed at Amazon. The Objections include an email from Amazon confirming her voluntary termination on October 22, 2025, but Plaintiff later states that "I will leave Amazon one day, maybe, but not because of someone's pressure," indicating that she has not yet ended her employment with Amazon. (Dkt. # 9 at 25, 48.)

5

facie claim of causation based solely on temporal proximity."). Therefore, the Court will overrule Plaintiff's Objections and the Report will be adopted.

## CONCLUSION

Based on the foregoing, the Court **ADOPTS** Judge Howell's Report and Recommendation (Dkt. # 5) as the opinion of the Court. It is further **ORDERED** that Plaintiff's Title VII claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's ADA claims remain.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, December 30, 2025.

_____
David Alan Ezra
Senior United States District Judge